IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**RONNIE FLOW**                                                                                    **PETITIONER**

v.                                              Case No. 1:17-cv-1015

**WENDY KELLY, Director**                                                              **RESPONDENT**
**Arkansas Department of Correction**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, RONNIE FLOW, ("FLOW") an inmate confined at the Grimes Unit of the Arkansas Department of Correction (ADC), Newport, Arkansas, filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254.[1]  The Court directed FLOW to file an Addendum to clarify his claims, and he has done so.  ECF No. 6.  The Respondent was served with a copy of the Petition and Addendum and has responded.  ECF No. 13.  FLOW thereafter forwarded a letter to the Court.   ECF No. 16. The letter has been field as a Reply to the Response and considered herein.

The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.   The Court has reviewed the Petition, the Response, pleadings, and all exhibits submitted in this case.  For the following reasons, the Court recommends the Petition be **DENIED**:

**A. Procedural Background[2]**:

On December 16, 1996, FLOW pled guilty to sexual abuse in the first degree  in the Circuit

---

[1] FLOW has a second petition pending in this Court in Cause No. 1:17-cv-1016 challenging a second conviction from the Circuit Court of Ouachita County, Arkansas in 1999.  A separate Report and Recommendation will be entered in that case.

[2] The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

Court of Columbia County, Arkansas, case number CR 96-143.[3] He was sentenced to 60 months probation. ECF No. 13-1. That sentence expired several years ago, and FLOW acknowledges he is not currently being held in custody by the State of Arkansas as a result of this 1996 conviction. ECF No. 5, p. 2.

On May 30, 2017, in the Circuit Court of Columbia County Arkansas, case number CR 16-15, FLOW entered a guilty plea to two counts of second-degree sexual assault. He was sentenced to a total of 25 years' imprisonment with an additional 15-year suspended sentence. In the written plea agreement in this 2017 case, FLOW acknowledges he had "2 prior felonies." ECF No. 13-3, p. 3.

**B. Current Petition**:

On February 13, 2017[4], FLOW filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. He challenges his 1996 state court conviction and raises the following claims for relief:

> 1. He alleges the victim of the sexual assault, to which he pled guilty, was his legal spouse at the time of the assault. ECF No. 1, p. 7;
>
> 2. He alleges he suffers from mental retardation which led to him "being taken advantage of." ECF No. 1, p. 8; and

In Addendum to the Petition FLOW indicates he is seeking expungement of the 1996 conviction on the foregoing grounds. ECF No. 5, p. 2.

The Respondent asserts that the claims in the Petition are time-barred by 28 U.S.C.

---

[3]FLOW claims in his petition that he pled guilty but "plea was never signed." ECF No. 1, p. 1. The Judgment and Commitment Order for this 1996 conviction indicates the FLOW was represented by privately retained counsel. It further indicates he pled guilty pursuant to a "negotiated plea of guilty."

[4]The Petition was placed in the prison mail system on February 13, 2017 (ECF No. 1, p. 16) and is considered filed on that date.

§2244(d)(1)(A), FLOW is not "in custody" pursuant to the challenged conviction, FLOW has procedurally defaulted his claims, and "expungement" is not a remedy afforded by § 2254. ECF No. 13.

Because FLOW has raised the issue of his mental capacity, the Court has Ordered the parties to produce any records they have regarding this issue. FLOW requested an extension of time to provide the records regarding his mental capacity but never produced any records.[5] The Respondent produced over 100 pages of records from FLOW's most recent criminal case and from the ADC. The Court has reviewed all of these records as well as the pleadings and other exhibits filed by the Parties.

**C. Discussion**:

**1. One-year Statute of Limitations**: On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed.

---

[5]FLOW filed two motions for subpoenas, seeking records from the Social Security Administration and from Ouachita County, Arkansas. Both of these Motions were denied for lack of specificity and because of the fact the Court has already been provided with a mental health records related to his most recent criminal conviction. ECF No. 25. A third Motion seeking to subpoena "new evidence" was filed by FLOW on March 1, 2018, seeking his mental health records from the ADC. ECF No. 26. The information sought in this Motion was previously ordered produced by the Respondent and Respondent has produced such records. This third Motion was denied as seeking duplicate production of records from the ADC. ECF No. 27.

Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Also, the United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).  The United States Supreme Court has recently addressed this provision as it relates to a state court conviction.

 For petitioners who pursue direct review all the way to this Court, the judgment

> becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, 565 U.S. 134, 150 (2012). In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court his conviction becomes final when the time for pursuing his state court direct appeal expires. *See also, Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015) (where a state prisoner does not appeal his state-court conviction, "the critical date for finality of the state-court conviction is the expiration of the state's [notice of appeal] filing deadline.") In Arkansas a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal. *See* ARK.R.APP.P.–CRIM. 2(a).

In the present case, FLOW was convicted on December 15, 1996[6] and did not appeal to the Arkansas appellate courts. Thus, the conviction at issue became final thirty (30) days later, or on January 15, 1997. He had until January 15, 1998, in which to seek relief pursuant to § 2254. FLOW filed the pending Section 2254 Petition on February 13, 2017, more than nineteen (19) years after his conviction became final. Accordingly, the Petition is time-barred unless some tolling provision applies.

    **a. Statutory Tolling of the One-Year Limitation Period**: Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[6]The date the Judgment and Commitment Order was filed in the Circuit Court of Columbia County, Arkansas. ECF No. 13-1.

limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007). FLOW acknowledges he did not seek any state post-conviction remedy. ECF No. 1, p. 7. Accordingly, § 2244(d)(2) is inapplicable to the Petition in this case.

    **b. Equitable Tolling of the One-Year Limitation Period**: The United States Supreme court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008)(citations omitted).

    While FLOW does not expressly raise the issue of equitable tolling of the one-year statute of limitations, he does appear to claim he suffers from mental "retardation." He makes no specific allegation in this regard other than to state he has a "low IQ" and that his counsel in the 2017 criminal case sent him to "Little Rock to the mental institution for a evaluation because my IQ is very low." ECF No. 5 p. 2. He also states he did not exhaust his state remedies following the 1996

conviction because "I am legally classified ad maldation retardation." ECF No. 1, p. 7.

During the 2017 Arkansas criminal case, culminating in a plea of guilty by FLOW to two counts of second-degree sexual assault, he was indeed evaluated for mental competence prior to the plea of guilty. ECF No. 21-1. That evaluation determined that FLOW 1) was not suffering from a mental disease or defect at the time of the evaluation, 2) had the capacity to understand the proceedings against him, 3) had the capacity to assist counsel in his own defense, 4) was not suffering from a mental disease or defect at the time of that offense, 5) had the capacity to appreciate the nature and criminality of his conduct, and 6) could have conformed his conduct to the requirements of the law. In short, he suffers from no disease or defect, and the Arkansas state court accepted his plea of guilty after that evaluation.

Even when lack of mental capacity has been allowed to demonstrate equitable tolling, such a showing is allowed only "in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent." *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008)(action seeking damages under the Americans with Disabilities Act, case dismissed on statute of limitations grounds). "[A] plaintiff seeking equitable tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him or her from understanding and managing his affairs generally and from complying with the deadline that he seeks to toll." *Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008), *see also Wilkie v. Department of Health and Human Services*, 638 F.3d 944, 950 (8th Cir.2011) ("Furthermore, the appellant failed to file any 'medical records or opinions indicating that she was deprived of her reasoning faculties or was incapable of understanding or managing her affairs.'"). Here, despite being given ample opportunity to present evidence of his alleged mental incapacity, FLOW has wholly failed to do so. On the other

hand, the evidence presented shows that FLOW suffers from no such incapacity.

FLOW's petition was filed some 19 years after the expiration of the statute of limitations. FLOW offers no allegation of ever having been adjudged mentally incompetent or having been institutionalized. His allegations in this case are that he did not sign a plea agreement and actually obtained permission from the parents of a thirteen (13) year old girl in order to marry her. He does not assert that some circumstance beyond his control made it impossible to file the instant Petition before the expiration of the one-year limitation period. He is not entitled to statutory tolling. He is not entitled to equitable tolling. This Petition should be dismissed as time-barred.

**2. "In Custody" Requirement**:

FLOW is currently in custody serving a 25 year sentence for a 2017 Arkansas state conviction for sexual assault. This Petition challenges a 1996 Arkansas state conviction for sexual abuse in the first degree. FLOW acknowledges in the Addendum to the Petition he is not currently in custody as a result of the 1996 conviction. ECF No. 5, p.2.

A Federal court has the power to grant a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, only to a person "in custody." Section 2241 states in part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for

> an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c)(emphasis added). "We have interpreted the statutory language as requiring that the *habeas* petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). "Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing. A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991) (internal citations omitted).

As noted above, FLOW admits he is not "in custody" pursuant to the 1996 Arkansas state court petition he attacks in the instant Petition. Rather, he is seeking expungement of the 1996 conviction. ECF No. 5, p. 2. Because FLOW is not in custody pursuant to the conviction he is attacking, his Petition must be **DENIED**.

**3. Expungement Relief Not Available**: As noted above, the only relief FLOW seeks in the instant Petition is "expungement" of the 1996 Arkansas state conviction. No. 5, p. 2. *Habeas corpus* relief pursuant to § 2254 is only available for a state prisoner in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a).

While the Eighth Circuit does not appear to have expressly held that expungement of a state criminal conviction is not available for a § 2254 petitioner, other courts have done so. *See Ashby v. Lehman,* 307 Fed. Appx.48 (9th Cir. 2009)(a "claim regarding expungement is not cognizable" in a § 2254 proceeding); *Carter v. Hardy*, 526 F2d 314 (5th Cir. 1976)(civil rights case seeking

expungement, court held that habeas corpus was not an alternative path to expungement); *Johnson v. CCA-Northeast Ohio Correctional Center Warden*, 21 Fed. Appx. 330 (6th Cir. 2001)(suit pursuant to 42 U.S.C. § 1983, rather than 28 U.S.C. § 2254, is the appropriate vehicle to obtain expungement).  Accordingly, FLOW's claims for expungement in this § 2254 proceeding should be **DENIED**.[7]

**D. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be DENIED dismissed with prejudice.[8]  I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **8th day of March 2018.**

      /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE

---

[7] Because the Court has determined FLOW's petition should be dismissed as stated, it does not address Respondent's remaining defense of procedural default.

[8] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).