IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RONNIE FLOW                                                                                          PETITIONER

v.                                           Case No. 1:17-cv-01015

WENDY KELLY, Director,
Arkansas Department of Correction                                                      RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed March 8, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 28. On February 15, 2017, the petitioner, Ronnie Flow ("Petitioner"), filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1996 conviction, pursuant to a guilty plea, for sexual abuse in the first degree in the Circuit Court of Columbia County, Arkansas, for which he was sentenced to a 60-month term of probation.[1] ECF No. 1. Petitioner challenges his conviction on the following grounds: 1) the victim of the sexual assault was his legal spouse at the time of the assault; and 2) he was taken advantage of because he suffers from mental retardation. Petitioner also requests an expungement of his conviction based on the aforementioned grounds.

Judge Bryant recommends that Petitioner's habeas corpus petition be dismissed for several reasons. First, Judge Bryant recommends that the petition be dismissed as time barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Moreover, Judge Bryant found that Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), because he failed

---

[1] Petitioner has filed a separate habeas petition challenging his 1999 conviction for similar charges from the Circuit Court of Columbia County, Arkansas. *See Flow v. Kelly*, No. 1:17-cv-01016 (W.D. Ark. Feb. 15, 2017).

to apply for post-conviction relief. Judge Bryant further found that Petitioner's assertion that he suffers from "mental retardation" is not an "extraordinary circumstance" that warrants equitable tolling, as Petitioner has failed to present evidence of his alleged mental incapacity. In addition, Judge Bryant recommends that the petition should be dismissed because Petitioner is not in custody pursuant to the conviction he is challenging. With regard to his request for an expungement of his conviction, Judge Bryant recommends that it should be dismissed because a § 2254 proceeding is not the appropriate vehicle to obtain an expungement of a state criminal conviction. Judge Bryant also recommends that no certificate of appealability should issue in this matter.

In his objections, Petitioner rehashes many of the same assertions raised in his petition. While Petitioner asserts that he currently receives Disability and Supplemental Security Income and has been "legally found to be mentally retarded by the United States government," Petitioner has failed to produce evidence of this claim. In addition, Petitioner repeats his claims that he was legally married to the victim, failed to sign the plea agreement, and his mental evaluation "was not done properly." The Court overrules Petitioner's objections, as he offers no error of law or fact from which the Court finds it necessary to depart from the Report and Recommendation.

Petitioner's objection also includes a request for appointment of counsel. It is well established that "[t]here is no constitutional or statutory right to counsel in habeas proceedings." *Knutson v. McNurlin*, No. CV 15-2807 (DSD/BRT), 2015 WL 9224180, at *2 (D. Minn. Nov. 23, 2015), *report and recommendation adopted*, No. CV 15-2807(DSD/BRT), 2015 WL 9165885 (D. Minn. Dec. 16, 2015) (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir.1997)). However, a district court judge may appoint counsel for a habeas petitioner "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is not required, the decision to

appoint counsel is within the Court's discretion. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). "If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel." *Id*. (citation omitted).

The Court finds that an evidentiary hearing is not required in this matter, as the issues presented can be resolved with a review of the petition and the state court record, which clearly establish that Petitioner is not entitled to habeas relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). The Court further finds that the interests of justice do not warrant the appointment of counsel because, as determined by Judge Bryant's Report and Recommendation, the record demonstrates that Petitioner's claims are clearly without merit.

Accordingly, after reviewing the record *de novo*, the Court adopts the Report and Recommendation *in toto*. Petitioner's petition is hereby **DENIED**. The Court further orders that no Certificate of Appealability issue in this matter.

**IT IS SO ORDERED**, this 11th day of April, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge